IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOCORRO JACQUEZ,

      **Plaintiff,**

vs.                                                CIV No. 00-1185  JP/JHG

**RENE DURAN, VIRGINIA BLANSETT,
and VIC JENKINS in their individual
capacities, and THE BOARD OF COUNTY
COMMISSIONERS OF OTERO COUNTY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) Plaintiff's Motion for Protective Order, filed June 8, 2001 **[Doc. 76]**, and (2) Defendant Rene Duran's Motion to Compel Deposition Testimony, filed July 11, 2001 **[Doc. 86]**.  Plaintiff moves the Court for a protective order preventing Defendants from questioning Plaintiff about her privileged communications with her public defender and about her prior sexual contacts.  In response, Defendant Duran filed a motion to compel Plaintiff to answer deposition questions regarding her conversations with her public defender and any other representative of the New Mexico Public Defenders Office regarding her alleged rape and to respond to questions regarding her sexual relations since her release from prison.

On May 29, 2001, Defendants' counsel deposed Plaintiff and questioned her as to (1) the content of conversations between Plaintiff and her public defender and (2) Plaintiff's sexual history.  Pursuant to Fed.R.Evid. 501 and 412, Plaintiff's counsel objected to these questions and instructed Plaintiff not to answer.

Defendants contend Plaintiff waived any attorney-client privilege regarding her conversations with her public defender when she disclosed a letter written by her public defender to Defendant Duran.  In this letter, Plaintiff's public defender discussed his conversations with Plaintiff regarding the alleged rape.  Additionally, Defendants contend they should be allowed to question Plaintiff regarding her post-prison sexual history because it is relevant to her claim for damages from the alleged rape.  Plaintiff claims severe psychological and emotional distress and difficulty in participating in consensual sex since she was allegedly attacked.

When a federal question is being litigated in federal court, the attorney-client privilege is a question of federal common law.  Fed.R.Evid. 501.  As to state causes of action, a federal court should look to state law in deciding privilege questions.  *Id.*  Rule 501 is silent on what law of privilege applies when the same piece of evidence is relevant to both state and federal claims.  In *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997), the Court of Appeals for the Tenth Circuit held that where both federal claims and pendent state law claims were implicated, the Court should consider both bodies of law.  In the situation where the privilege is upheld by one body of law but denied by the other, "then an analytical solution must be worked out to accommodate state and federal privilege law." *Id.*  In this case, no conflict exists between New Mexico law and federal law.

The attorney-client privilege "protects 'confidential communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his or her capacity as a legal advisor." *Matter of Grand Jury Subpoena Duces Tecum*, 697 F.2d 277, 278 (10th Cir. 1983)(quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).  The privilege "is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote

broader public interests in the observance of law and the administration of justice.'" *Swindler & Berlin v. United States,* 524 U.S. 399, 403 (1998)(quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).  To be protected by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy.  *United States v. Johnston,* 146 F.3d 785, 794 (10th Cir. 1998).  Moreover, "the party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable."  *Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir. 1984).  Finally, "[e]ven if the privilege exists it is waived when the client voluntarily reveals information to another or his attorney does so with his consent."  *United States v. Bump*, 605 F.2d 548 , 551 (10th Cir. 1979).

In this case, at the time of the alleged rape, Plaintiff was incarcerated at the Otero County Detention Center on charges of distribution of a controlled substance.  Her public defender wrote a letter to the prosecutor regarding the alleged rape.  Plaintiff's counsel in this matter disclosed this letter to Defendant Duran.  The Court finds that by producing the letter Plaintiff waived any privilege regarding her conversations with her public defender.

Under Rule 12 of the Federal Rules of Evidence, "evidence offered to prove that any alleged victim engaged in other sexual behavior" and "evidence offered to prove any alleged victim's sexual predisposition" is generally inadmissible. Fed.R.Evid. 412(a)(1), (2).  However, in a civil case, "evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed.R.Evid. 413(b)(2).

3

Plaintiff's counsel objected to Defendant Duran's counsel asking the following questions: (1) "Have you been with any other man in the last 18 years besides Miguel and you husband?" and (2) "Since being released from the Grants prison, have you engaged in sexual intercourse with anybody besides Miguel?" Plaintiff's counsel contends these questions are directed to elicit irrelevant and embarrassing information.

Defendant Duran contends Plaintiff's post-prison sexual history is relevant to the issue of damages. Because Plaintiff claims severe psychological and emotional distress and difficulty in participating in consensual sex since she was allegedly attacked, the Court will allow inquiry into Plaintiff's sexual history only for the period after the alleged rape which is relevant to her damages. *Giron v. Corrections Corp. of America*, 981 F.Supp. 1406, 1408 (D.N.M. 1997). Accordingly, Defendants may re-depose Plaintiff in order to have her answer questions regarding her conversations with her public defender and questions regarding her sexual conduct after her release from prison. Defendants are precluded from asking Plaintiff any questions regarding her sexual history prior to the alleged rape.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order is granted in part and denied in part. Plaintiff will answer questions regarding her conversations with her public defender and questions regarding her sexual conduct after her release from prison.

**IT IS FURTHER ORDERED** that Defendant Rene Duran's Motion to Compel Deposition Testimony is granted in part and denied in part. Defendant Duran is precluded from questioning Plaintiff regarding her sexual conduct prior to the alleged rape.

**IT IS FURTHER ORDERED** that Defendant Duran's request for reasonable expenses

for bringing his motion to compel is denied.

_____
**JOE H. GALVAN**
**United States Magistrate Judge**