**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SOCORRO JACQUEZ,

        Plaintiff,

vs.                                    No. CV 00-1185 JP/JHG-ACE

RENE DURAN, VIRGINIA BLANSETT, and
VIC JENKINS in their individual capacities,
and THE BOARD OF COUNTY
COMMISSIONERS OF OTERO COUNTY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On May 30, 2001 Plaintiff filed a Motion to Amend Complaint (Doc. No. 70). On July 26, 2001, after hearing argument on the motion to amend, the Magistrate Judge granted the motion, subject to objection by Defendants. On August 7, 2001, Defendants filed their Notice of Objection (Doc. No. 94). This Court considers the motion to amend *de novo*. After carefully considering the pleadings, arguments of counsel, and applicable law, I find that the motion to amend is well-taken and should be GRANTED, and that Defendants' objection should be OVERRULED.

Plaintiff brings numerous claims against Defendants arising out of incidents that occurred while she was a pre-trial detainee at the Otero County Jail. Plaintiff alleges that she was raped by a male guard, that instead of being offered treatment she was strip searched and placed in segregation to keep her from reporting the rape, and that she was retaliated against in various ways after she reported the rape. The Complaint contains eight counts based on federal and state

law.  The federal claims are brought under the Civil Rights Act, 42 U.S.C. § 1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution (Counts I, II, III, and IV), and under the Fair Housing Act, 42 U.S.C. § 3604 (Count V); the state tort claims are for assault, battery, false imprisonment, and intentional infliction of emotional distress (Counts VI and VII), and for negligence (Count VII).

   Plaintiff seeks to amend her Complaint to add claims against Sgt. Ernest Granados under 42 U.S.C. § 1983 and state law.  She also seeks to hold Defendants the Board of County Commissioners of Otero County and Jenkins liable under state law for the alleged conduct of Sgt. Granados.  On August 3, 2001, after the Magistrate Judge allowed the amendment, Plaintiff filed her Amended Complaint, and Defendants have filed their Answers.  In the Amended Complaint, Sgt. Granados is added as a Defendant along with Defendant Blansett to Count II, a § 1983 claim under the First, Fourth and Fourteenth Amendments, for the alleged unlawful strip searches, confinement in segregation, and revoking of her other privileges to prevent her from reporting the alleged rape.  In Count III, Sgt. Granados, as Defendant Duran's supervisor, is added as a Defendant along with Defendant Jenkins and the Board in a § 1983 claim attempting to hold them liable for the alleged rape by Duran.  Sgt. Granados is added as a Defendant along with Defendants Blansett, Jenkins and the Board to Count IV, a § 1983 claim for retaliation against Plaintiff for allegedly exercising her right to report grievances, and specifically for reporting the alleged rape.  Sgt. Granados is added as a Defendant under the state law claim for false imprisonment in Count VII.  Finally, although he is not named in Count VIII for negligence under state law, Plaintiff seeks to hold Defendant Jenkins and the Board liable for the alleged acts of Sgt. Granados under a *respondeat superior* theory.

Under Fed. R. Civ. P. 15(a), leave to amend should be freely granted "when justice so requires." Leave to amend may be denied, among other reasons, upon a showing of futility of the amendment. *See* Foman v. Davis, 371 U.S. 178, 182 (1962). In his Order granting the Motion to Amend, the Magistrate Judge noted one meritorious contention by Defendants, i.e., that some of Plaintiff's claims against Sgt. Granados are based on the incorrect belief that he was Defendant Blansett's supervisor. Plaintiff, however, has voluntarily withdrawn any claims that seek to establish liability against Sgt. Granados as Defendant Blansett's supervisor. As to the remaining claims, the Magistrate Judge allowed the amendment.

In support of their futility argument, Defendants reason that Plaintiff cannot have been placed in segregation to prevent her from reporting the alleged rape or to retaliate against her for doing so because she testified in her deposition that she did not report the alleged rape until after she had already been removed from segregation. This is flawed reasoning. Defendants knew there had been a sexual encounter between Plaintiff and Defendant Duran. Considered in a light most favorable to Plaintiff, the fact that Plaintiff did not report that the encounter was a rape until she was released from segregation could mean that Defendants were successful in their attempt to prevent the rape from being reported, at least temporarily.

Defendants also contend the amendments that seek to name Sgt. Granados in connection with the strip searches of Plaintiff and her being placed in segregation are futile because during her deposition Plaintiff never stated that Sgt. Granados had anything to do with these actions; instead she testified that she was strip searched the first time by Defendant Blansett and another female guard, and the second time by Defendant Blansett and a male guard other than Sgt. Granados. She also testified that she was apparently placed in segregation by a female guard named Jamie.

3

Even if Plaintiff did not mention Sgt. Granados' involvement in these matters in her deposition, the amendment is not necessarily futile, and in fact there is other evidence already in the record pointing to Sgt. Granados' direct involvement in these matters. Thus, these amendments should be allowed; whether the searches and segregation of Plaintiff were unreasonable will be decided in connection with the pending motion for summary judgment.

     Defendants also contend that Plaintiff admitted in her deposition that she was not denied access to her attorney. In her deposition, Plaintiff stated that the telephones were sometimes turned off in segregation, and sometimes they were on. She was able to place one call to her attorney while in segregation, but the attorney was not in and she got a recording. Plaintiff did not ask jail personnel if they would turn the telephone on so that she could call her attorney. Further, Defendants contend that Plaintiff has admitted that she did not lose mail privileges and that she has no reason to believe that her mail privileges were ever taken away, so there is no reason to suppose that Plaintiff could not have communicated with her attorney through the mails. Also, Defendants contend that Plaintiff has admitted that she did not suffer any damages as a result of not being able to contact her attorney. I find that Defendants' contentions are not indisputably supported by the evidence, and do not amount to a showing that the amendments regarding denial of access to counsel are clearly futile.

     Defendants contend that Plaintiff has admitted in her deposition that she has no evidence to support the allegations against Defendants Jenkins and Blansett in Count III that they were aware of and indifferent to the fact that female inmates were in danger of being sexually assaulted, so the amendment adding the same allegations against Granados would be futile. The evidence on this issue will be examined when the Court rules on Defendants' summary judgment motion.

I find that the interests of justice require that Plaintiff should be allowed to amend her Complaint. Because the Amended Complaint and Answers have already been filed, these pleadings will stand.

THEREFORE IT IS ORDERED that Defendants' Objection to the Magistrate Judge's Order granting Plaintiff's Motion To Amend Complaint (Doc. No. 94) is hereby OVERRULED, and Plaintiff's Motion To Amend Complaint (Doc. No 70) is hereby GRANTED.

_____
CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff: Mary Y.C. Han, Paul J. Kennedy, KENNEDY & HAN, Albuquerque, N.M.

Counsel for Blansett, Jenkins, and the County Defendants: Raul A. Carrillo, Jr., Jared Abrams, SANDENAW, CARRILLO & PIAZZA, Las Cruces, N.M.

Counsel for Defendant Duran: Henry F. Narvaez, H. Nicole Schamban, NARVAEZ LAW FIRM, Albuquerque, N.M.